IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:06CR016- |
| | § | ALM/CAN |
| ZACHARY TAYLOR ROTH (7) | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 2, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

On November 28, 2006, Defendant was sentenced by the Honorable United States District Judge Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense Methamphetamine. Defendant was sentenced to one hundred twenty (120) months imprisonment, followed by five (5) years of supervised release. On February 24, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release. On June 13, 2016, the case was transferred to United States District Judge Amos Mazzant.

On August 22, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 662 Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; *[sic]*(4) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; *[sic]*(5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and *[sic]*(6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidelines and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) and (2) On March 19, 2016, Mr. Roth provided a urine sample which tested positive for methamphetamine. The offender admitted to using verbally and in writing. On March 23, 2016, Mr. Roth provided a urine sample which tested positive for methamphetamine and opiates. The specimen was confirmed by Alere Laboratory. Defendant did not have a valid prescription for opiate medication. On April 12, 2016, Mr. Roth voluntarily signed a 'Response to Allegation of Violation of Condition of Supervision' form admitting to new methamphetamine use on or about April 9, 2016. On June 16, 2016, Mr. Roth provided a urine sample which tested positive for methamphetamine. The specimen was confirmed by Alere Laboratory. *[sic]* (4) At approximately 6:35 a.m. on July 26, 2016, Paris Police Officers questioned Mr. Roth inside a

residence located at 1210 15th Street Northwest in Paris, Texas. During the same incident, and in the same residence, officers arrested Amanda Gilbert for outstanding warrants. According to the Lamar County District Clerk, and a criminal records check, Ms. Gilbert had been previously convicted of multiple felony crimes, including but not limited to Unauthorized Use of a Motor Vehicle and Forgery in the State of Texas. Mr. Roth did not receive permission to associate with Amanda Gilbert. At approximately 1:30 p.m. on August 18, 2016, Paris Police Detectives conducted a traffic stop in the 1000 block of East Booth Street in Paris, Texas. The driver of the vehicle was identified as the Defendant and the front passenger as John Womack. During the contact, Mr. Womack was discovered to be in possession of an electronic cigarette device containing Methamphetamine residue. A small piece of synthetic marijuana was located in the passenger's seat as well was a twisted Dollar Store receipt in Mr. Womack's side of the vehicle ashtray. Further inspection of the twisted paper yielded an amount of methamphetamine and the Defendant's associate was arrested for the State Jail Felony offense of Possession of a Controlled Substance. Mr. Roth denied any prior knowledge of the drugs in his vehicle; however, it is clear he was associating with an individual engaged in criminal activity; *[sic]* (5) On June 9, 2016, the U.S. Probation Office established contact with the Lamar County Sheriff's Office and learned that Mr. Roth was questioned by a Constable at a local courthouse in Paris, Texas. The law enforcement officer confirmed he detained Mr. Roth after a perceived disturbance between the Defendant and his girlfriend. Mr. Roth was eventually released but failed to notify the probation officer within seventy-two hours of the contact. On June 16, 2016, Mr. Roth signed a written admission for this violation; and *[sic]* (6) On April 28, June 3 and 10, 2016, Mr. Roth failed to attend substance abuse counseling as directed with Blackburn Social Services (Texoma

Counseling Associates), a contract treatment provider in Denison, Texas. On June 16, 2016, Mr. Roth signed a written admission for this violation.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1), two (2), four (4), five (5) and six (6) of the Petition, specifically Defendant should refrain from any unlawful use of a controlled substance; refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substances or paraphernalia; shall not engage in any criminal activity; shall notify the probation officer within seventy-two hours of being arrested; and participate in a program of testing and treatment for drug abuse.

Having considered the Petition and the plea of true to one (1), two (2), four (4), five (5) and six (6) of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons, North Texas Region, if appropriate.

**SIGNED this 6th day of September, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE